**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-50108
Summary Calendar

DARSON H. PERSYN; CLOTILDE PERSYN;
FLORENT BAECKE; MILDRED V. BAECKE;                    Plaintiffs-Appellants,
PAUL PERSYN; ERMA PERSYN; RAUL JIMENEZ, SR.;
AVIEL BROEKHOVE; JOSIE A. BROEKHOVE;
CELESTE PERSYN WORRICK, Individually and as
Ind. Executrix of the Est. Of Leona Persyn Deceased;
RICHARD PERSYN; GABRIEL THIENPONT; EMMA
PERSYN; MARY ROSENBUSH; MARGARET MILAM;
HORTENSE BROEKHOVE; 4M PROPERTIES, INC.;
SOMERSET ROAD JOINT VENTURE; AVIEL L. BROAKHOVE;
PHIL M. BROEKHOVE; EMIEL P. BROEKHOVE; REMI
AELVOET; MARSHALL AELVOET; RICHARD AELVOET;
ELSIE AELVOET VERELST; ALINE WAUTERS; LORRAINE
WAUTERS; GEORGE VERSTUYFT; IRMA VERSTUYFT;
ROBERT VERSTUYFT; RAYMOND VERSTUYFT; NORMAN
VERSTUYFT; MARGARET VERSTUYFT; ROGER VERSTUYFT;
PATRICIA VERSTUYFT; CLARA VERSCHELDEN; ALENE
BUYS; CLARA VERSTUYFT PERSYN; HENRY VERSTUYFT;
JULIANA V. VERSTUYFT; HOMER VERSTUYFT; YVONNE
VERSTUYFT; A.C. LOPEZ; MARGARET G. BROWN;
HELAMAN R. DURAN; IRENE L. DURAN; HENRY B. GARCIA;
ROSIE R. GARCIA; ELOY CENTENO; MARGARET THIENPONT;
ALINE OYER; MARIE DECOCK; ROBERT CADENA; JOHN MILLER;
COMCAL GROUP,

versus

UNITED STATES OF AMERICA; CITY OF SAN ANTONIO,

                                        Defendants-Appellees.

-----------------------------------------------------------

J.L. GUERRA; HERMINIA GUERRA,

                                        Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; CITY OF SAN ANTONIO,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-88-CV-714
_____

February 16, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Landowners in the vicinity of Kelly Air Force Base in San Antonio, Texas (the "City"), appeal the district court's May 15, 1990 order dismissing their Fifth and Fourteenth Amendment takings claims against the City under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1] In the district court, the appellants asserted that an overlay zoning ordinance enacted by the City to further limit the use of land around Kelly Air Force Base was invalid on its face, because it changed "the highest and best use of [their land] . . . from commercial and industrial to agricultural" and "severely diminished" the "fair market value of [their] land."

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]We do not read the appellants' brief to this court to raise any claims concerning the federal government.

We note that appellants did raise takings claims against the federal government in the district court, and the court's May 15, 1990 order transferred these claims to the United States Claims Court (now the United States Court of Federal Claims). The Claims Court proceeded to hold for the federal government (on all claims), and the Court of Appeals for the Federal Circuit subsequently affirmed. See Persyn, et al. v. United States, 106 F.3d 424 (Fed. Cir. 1996) (Table), 1996 WL 740996, cert. denied, 117 S.Ct. 1697. Therefore, even if appellants did raise a regulatory taking claim against the federal government, *res judicata* would bar our consideration of it. See Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir. 1983) (en banc).

2

This court reviews *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6). Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). "We cannot affirm a dismissal under Rule 12(b)(6) unless it appears to a certainty that a court can grant no relief under any set of facts provable in support of plaintiff's allegations or if the allegations, accepted as true, do not present a claim upon which relief is justified." Walter v. Torre, 917 F.2d 1379, 1383 (5th Cir. 1991).

The determination of whether a governmental action constitutes a taking necessarily requires a weighing of public and private interests. Agins v. City of Tiburon, 447 U.S. 255, 260-61 (1980). A land-use regulation, such as the one at issue in this case, is a taking if (1) it does not substantially advance a legitimate state interest or (2) it denies an owner all economically viable use of the property. Id. at 260.

Neither prong is met in this case. The ordinance at issue identifies a range of purposes that qualify as legitimate state interests (*e.g.,* ensuring the safety of aircraft operations and the general public; protecting general economic welfare; controlling both economic and land development; stabilizing current uses of land; and promoting the quality of life in the areas affected); and there is a sufficient connection between the ordinance and the identified state interests such that it substantially advances each of them. See, eg., id. at 261 (upholding zoning ordinance that protected against premature urbanization); Goldblatt v. Town of Hempstead, N.Y., 369 U.S. 590, 595-96 (1962) (upholding zoning ordinance enacted to promote safety); Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 390-95 (1926) (upholding zoning ordinance that promoted health and safety); Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070, 1077-78, 1080 (5th Cir. 1989) (upholding zoning ordinance that protected residential integrity and reduced noise,

3

littering, and vandalism).[2]  Accordingly, the appellants have failed to satisfy the first prong of the Agins test.

As for the second prong, we note that a regulation is not a taking simply because it deprives the owner of the highest and best use of his land or because the property value is diminished. Goldblatt, 369 U.S. at 592.  A taking occurs only if the ordinance completely deprives the owner of economically viable use of his property.  See Matagorda County v. Law, 19 F.3d 215, 223 (5th Cir. 1994).  Here, the overlay zoning ordinance clearly indicates that all existing residential uses may continue (and may even be expanded), and that limited business, industrial, and agricultural uses still will be viable.  Consequently, appellants have not satisfied the second prong of the Agins test.

Because appellants' allegations (comprising a facial attack on the overlay zoning ordinance) were considered on the merits, and do not present a claim upon which relief is justified, the district court did not err in dismissing them with prejudice under Fed. R Civ. P. 12(b)(6).  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3. (1981); see also Williams v. Dallas County Commissioners, 689 F.2d 1212, 1214 (5th Cir. 1982) ("As a general proposition, dismissal of a complaint for failure to state a claim operates as an adjudication on the merits absent the court's specification to the contrary, and is therefore with prejudice.").

AFFIRMED.

---

[2]To the extent that the appellants argue that the ordinance does not substantially advance a legitimate state interest because it benefits only Kelly Air Force Base, such a contention is without merit.  Although influenced by the military, the City exercised its own independent judgment in enacting the overlay ordinance.  The City Council conducted studies, held a public hearing, met with citizens, and determined that the public health, safety, and welfare would be served by adopting revised land-use requirements.  Moreover, the military is entitled to influence local zoning authorities, just as any other local land owner.  De-Tom Enter., Inc. v. United States, 552 F.2d 337, 339-40 (Ct. Cl. 1977).